MESCH, CLARK & ROTHSCHILD, P.C.
259 North Meyer Avenue
Tucson, Arizona 85701
Phone: (520) 624-8886
Fax: (520) 798-1037
Email: dclark@mcrazlaw.com
       cmeynard@mcrazlaw.com

By:  Douglas H. Clark, Jr., #1942
     Cassandra Meynard, # 66135
     82044-5/lav

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| JANET RUTLEDGE, a single woman, | No. |
|---|---|
| Plaintiff, | |
| v. | **COMPLAINT** |
| | **(Violation of Arizona Civil Rights Act; Violations of Title VII; Violation of Equal Pay Act)** |
| RUSH ENTERPRISES, INC., a Texas corporation, | |
| Defendant. | **(Jury Trial Demanded)** |

Plaintiff Janet Rutledge, by and through counsel undersigned, for her claim for relief, alleges the following:

**JURISDICTION**

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §1331, the Court's federal question jurisdiction, as this action arises under the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq.* (Title VII).

**GENERAL ALLEGATIONS**

2. Plaintiff Janet Rutledge, a single woman, is a resident of Pima County, Arizona.

3. Defendant Rush Truck Enterprises, dba Rush Truck Centers of Arizona, Inc. ("Rush") is a Texas corporation doing business in Arizona.

4. The acts and conduct of which Plaintiff complains occurred in Pima County, Arizona.

5. Plaintiff was, at all times material to this Complaint, an employee of Defendant.

6. Plaintiff became an employee of Defendant on or about May 1, 2005. For the first two years of her employment, Plaintiff performed well, including winning an expenses-paid trip to Las Vegas in the Outside Sales Representative contest, held from July – December 2007.

7. Throughout Plaintiff's employment, and continuing through June 24, 2009, Defendant, through certain managers and other personnel, treated Plaintiff differently than similarly-situated men by subjecting her to a hostile work environment, including Defendant's tolerance of discussion of Plaintiff's pay at the office, defaming Plaintiff's character, holding Plaintiff to a double standard of performance, and doubting Plaintiff's product knowledge and ability to perform her job well, which conduct adversely affected her employment conditions and income.

8. On or about January 1, 2008, Plaintiff went through the proper chain of command, as designated in the Defendant's employee handbook, and complained of sex-based harassment to her immediate supervisor, parts manager Brian Robinson, but the conduct she complained of continued.

9. Beginning on or about September 1, 2008, and continuing until her employment resignation, male sales representatives were assigned accounts which had

previously been assigned to Plaintiff.  Male sales representatives and managers were also allowed to make contact and complete sales to Plaintiff's assigned accounts.

10. On or about March 23, 2009, Plaintiff complained to Corporate Human Resources about the ongoing sex discrimination and harassment, but Defendant failed to address or rectify the problems, and the conduct continued.

11. After making her complaints, Plaintiff was immediately subjected to retaliatory actions, including Plaintiff's accounts, manager's requiring Plaintiff to perform tasks with little or no training that male colleagues were not required to perform, excluding Plaintiff from management and employee meetings, alienating of Plaintiff by management, and implanting new policies specific to Plaintiff.

12. Similarly-situated male personnel of Defendant were not subjected to the same treatment.

13. The foregoing conduct was retaliatory, discriminatory and created a hostile work environment for plaintiff.

14. On or about June 24, 2009, because of the ongoing discrimination, harassment, and retaliatory treatment, Plaintiff resigned her employment with Defendant.

15. As a result of Plaintiff resigning her employment due to a hostile work environment, she is now employed elsewhere for less pay, no 401K account, no commission, and no annual bonus, all of which significantly decrease her rate of pay from before the harassment began.

16. Plaintiff filed a Charge of Discrimination, CRD No. T09-0502 EEOC No. 35A-2009-00613C, against Defendant with the Arizona Attorney General's Office, Civil Rights Division and with the Equal Employment Opportunity Commission ("EEOC").

17. The Arizona Attorney General's Office, Civil Rights Division, has issued a notice of right to sue, permitting Plaintiff to bring a civil action against Defendant for violation of Plaintiff's rights under Title VII. (See Exhibit 1, attached hereto.)

## FIRST COUNT

### Violation of Arizona Civil Rights Act (A.R.S. § 41-1463)

18. Plaintiff realleges each and every one of the above allegations as if set forth at length herein.

19. Defendant violated the Arizona Civil Rights Act, A.R.S. § 41-1463, and following, among other reasons, by engaging in unlawful employment practice in discrimination against Plaintiff because, or on the basis of, her sex by treating her differently than other employees who were not female and retaliating against her for filing a complaint about such discrimination.

## SECOND COUNT

### Violation of Title VII – Sex Discrimination/Discrimination

20. Plaintiff repeats and realleges each and every one of the above allegations as if set forth at length herein.

21. The conduct of Defendant in discriminating against Plaintiff on the basis of her gender, including through a hostile work environment, constitutes sex discrimination.

## THIRD COUNT

### Violation of Title VII – Hostile Work Environment

22. Plaintiff repeats and realleges each and every one of the above allegations as if set forth at length herein.

23. Plaintiff was subjected to verbal or physical conduct of a sexual nature.

24. The conduct was unwelcome.

25. Plaintiff was also subjected to discriminatory conduct from her employer based on her gender, including the loss of valuable accounts and unequal working conditions.

26. The series of separate acts that Plaintiff was subjected to collectively constitute

1 one "unlawful employment practice."

2     27.    The conduct was sufficiently severe or pervasive to alter the conditions of her
3 employment and create an abusive work environment.

4     28.    The conduct of Defendant in discriminating against Plaintiff on the basis of
5 her gender, including through a hostile work environment, constitutes sex discrimination.

6     29.    Plaintiff timely filed her charge within 300 days of an act that is part of the
7 hostile work environment.

8 **FOURTH COUNT**

9 **Violation of Title VII - Retaliation**

10     30.    Plaintiff repeats and realleges each and every one of the above allegations as
11 if set forth at length herein.

12     31.    Plaintiff engaged in protected activity by reporting her complaints of sexual
13 harassment and discrimination to her supervisor and to Rush's Human Resources
14 Department.

15     32.    After Plaintiff engaged in the protected activity, she suffered adverse
16 employment conditions including having her accounts taken away, having work conditions
17 imposed that were not imposed upon other employees, and being denied insurance coverage
18 by Rush's self-insured insurance plan.

19     33.    On or around March 31, 2009, after her complaint was filed with Human
20 Resources, a meeting was called by Defendant and Plaintiff was told that accounts would be
21 taken from her, bringing her account total down from between 50 and 75 accounts to 30
22 accounts.

23     34.    On or about May 6, 2009, Plaintiff was informed by Defendant's general
24 manager, Chris Ryan, that she would now be required, for the first time, to fill out call
25 reports.

26     35.    On or about May 29, 2009, upon information and belief, Defendant amended

its policy regarding Multiple Salesperson approach to service customer accounts. The policy now reads that any salesperson may contact any customer, regardless of the primary salesperson assigned to the account. This change was retaliatory against Plaintiff due to her complaint to Defendant for allowing male salespersons to call on her accounts in violation of company policy.

36. On or about June 4, 2009, upon information and belief, Defendant amended its policy regarding use of laptop computers to service customer accounts. The policy now reads that 15% of total parts sales generated by an outside parts sales representative is to be booked using the laptop computer. This was retaliatory because similarly situated male salespersons were not required to meet this goal.

37. On or about June 18, 2009, Plaintiff was notified that her location would be monitored by GPS tracking contrary to previous notification that there would be no such monitoring. No males were so monitored.

38. On or about February 1, 2009, Plaintiff enrolled in the Defendant's health insurance plan, which was self-insured by Rush.

39. Upon information and belief, Plaintiff's surgery on February 23, 2009, was covered by insurance. Plaintiff's charges incurred during the surgery were never paid and Plaintiff was told the surgery was not covered because of a pre-existing condition. This was retaliatory.

40. There was a causal link between the protected activity and the adverse employment actions.

### FIFTH COUNT

### Violation of Title VII – Retaliatory Hostile Work Environment

41. Plaintiff repeats and realleges each and every one of the above allegations as if set forth at length herein.

42. Plaintiff engaged in protected activity by reporting her complaints of sexual

6

harassment and discrimination to her supervisor and to Rush's Human Resources Department.

43. After making her complaint, Plaintiff was immediately subjected to retaliatory actions.

44. Similarly-situated male personnel of Defendant were not subjected to the same treatment.

45. The series of separate acts that Plaintiff was subjected to collectively constitute one "unlawful employment practice."

46. The conduct was sufficiently severe or pervasive to alter the conditions of her employment and create an abusive work environment.

## SIXTH COUNT

### Violation of Equal Pay Act

47. Plaintiff realleges each and every one of the above allegations as if set forth at length herein.

48. On or about November 1, 2006, upon information and belief, Plaintiff's salary was reduced from around $37,500 to around $26,000 a year. Plaintiff was told it was because her commissions were increasing.

49. The disparity in pay between Plaintiff and her male colleague constituted a continuous violation, up through the resignation of her employment on or about June 24, 2009.

50. Defendant intentionally and willfully reduced Plaintiff's pay to less than her male colleagues performing equal work under the same or similar working conditions and requiring the same skill, effort, and responsibility.

51. Defendant knew and showed reckless disregard that the pay disparity was illegal and willfully and recklessly ignored the Equal Pay Act.

52. As a direct and proximate result of Defendant's intentional and willful actions,

Plaintiff suffered damages that are compensable under the EPA.

WHEREFORE, Plaintiff Janet Rutledge requests that judgment be entered in favor of Plaintiff and against Defendant Rush after trial by jury for the following relief:

A.  Awarding compensatory and consequential damages, including but not limited to loss of front and back pay, pursuant to 42 U.S.C. § 1981(a);

B.  Awarding damages for emotional pain and suffering;

C.  Awarding punitive damages;

D.  Awarding reasonable attorney's fees pursuant to 42 U.S.C. § 2000e-5(k);

E.  Awarding costs of suit; and

F.  Awarding such other and further relief as the Court may deem just and proper.

Dated July 15, 2010.

MESCH, CLARK & ROTHSCHILD, P.C.


By:  *s/Douglas H. Clark, Jr.*
     Douglas H. Clark, Jr.
     Cassandra B. Meynard
     Attorneys for Plaintiff

321222